# Exhibit A

LEVIN CYPHERS
700 Hooper Avenue
Toms River, NJ 08753
(732) 240-0909
Attorneys for Plaintiff

| | |
|---|---|
| JOSEPH BIERMANN,<br><br>　　　　　　Plaintiff,<br>v.<br><br>HELICOPTERS, INC.; JOHN DOES 1-5,<br><br>　　　　　　Defendants. | SUPERIOR COURT OF NEW JERSEY<br>UNION COUNTY<br>LAW DIVISION<br><br>DOCKET NO.  UNN-L-002981-17<br><br>Civil Action<br><br>SUMMONS |

The State of New Jersey:　　　**HELICOPTERS, INC.**
　　　　　　　　　　　　　　　**c/o Mark Diana, Esq.**
　　　　　　　　　　　　　　　**Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
　　　　　　　　　　　　　　　**10 Madison Avenue, Suite 400**
　　　　　　　　　　　　　　　**Morristown, New Jersey 07960**

　　　**THE PLAINTIFF,** named above, has filed a lawsuit against you in Superior Court of New Jersey.  The Complaint attached to this Summons states the basis for this lawsuit.  If you dispute this Complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Union County Superior Court, located at 2 Broad Street, Elizabeth, New Jersey 07207 **within 35 days** from the date you received this Summons, not counting the date you received it.  If the Complaint is one in Foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN 971, Trenton, New Jersey 08625.  A filing fee ($135.00 for Chancery Division cases or $135.00 for Law Division cases) payable to the Clerk of the Superior Court and completed Case Information Statement (available from the Deputy Clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

　　　**If you do not file and serve a written answer or motion within 35 days, the court may enter judgment against you for the relief plaintiff demands, plus interest and cost of suit.  If judgment is entered against you, the Sheriff may seize your money, wages, or property to pay all of part of the judgment.**

　　　If you cannot afford to pay an attorney, call the Legal Services office in the county where you live.  The telephone numbers for the county in which this action is pending are: Lawyer Referral Service, 908-353-4715, Legal Services Office 908-354-4340.

Dated:　　　　　　　　　　　　　　　　　　　　　/s/ Michelle M. Smith
　　　　　　　　　　　　　　　　　　　　　　　　Clerk, Superior Court of New Jersey

NAME OF DEFENDANT TO BE SERVED:　　　**HELICOPTERS, INC.**

RECEIVED
Superior Court of New Jersey
AUG 1 0 2017
CIVIL CASE MANAGEMENT
UNION COUNTY

Harry Jay Levin, ID#020331983
LEVIN CYPHERS
700 Hooper Avenue
Toms River, New Jersey 08753
(732) 240-0909
Attorneys for Plaintiff

| | |
|---|---|
| JOSEPH BIERMANN, | SUPERIOR COURT OF NEW JERSEY UNION COUNTY LAW DIVISION |
| Plaintiff, | |
| v. | DOCKET NO. UNN-L-002981-17 |
| HELICOPTERS, INC.; JOHN DOES 1-5, | Civil Action |
| | **COMPLAINT** |
| Defendants. | |

Plaintiff, Joseph Biermann, with an address of 135 Kyle Drive, Tinton Falls, New Jersey states the following by way of Complaint against Defendant, Helicopters, Inc., herein:

### STATEMENT OF FACTS

1. Defendant, Helicopters, Inc. specializes in the design/build and leasing of news gathering helicopters for television and radio stations in the United States. The company also provides services in the areas of custom installation of camera and electronic equipment; maintenance, repair, and support; regional support; customized painting and detailing; and parts and inventory.

2. Defendant has a local business address of location at 1101 West Edgar Road, Linden, New Jersey. Defendant's corporate headquarters is based in Cahokia, Illinois.

1

3. Plaintiff, Joseph Biermann, has been employed by Defendant since April 15, 1997. Plaintiff flies in a helicopter owned by the Defendant to supply live news coverage and reports to the Defendant's clients, WCBS TV, WNYW TV and WCBS radio 880.

4. Plaintiff's job duties include covering the 2:00 p.m. to 11 p.m. shift every Monday through Friday. Plaintiff is required to be stationed at the airport during those hours, as he is required to be airborne within fifteen (15) minutes of being called to cover a breaking news story.

5. Although Plaintiff works the full nine (9) hours each day, he is only paid for eight (8) hours, as the Defendant requires the employees to take a one-hour unpaid lunch. The employees must remain in the area of the airport during the unpaid lunch break ready to cover breaking news.

6. The Plaintiff is also required to be on-call every other weekend, for a forty-eight (48) hour period, as well as from 11:00 p.m. to 2:00 a.m. Monday through Friday, and respond to the airport and be airborne within sixty (60) minutes of being called to cover a breaking news story. Plaintiff is only paid for time spent going on calls, and not the full 48 hours every other weekend or the extra three (3) hours each weekday that the Plaintiff is required to be on-call.

7. Dissatisfied with the manner in which he was being paid, namely not getting paid for the hour lunch period that he was required to remain in the immediate area of the premises, and respond to phone calls, not being paid for the entire time he was on-call even though he was limited in his ability to be away from the airport, the Plaintiff coordinated a meeting with his co-workers seeking legal advice regarding the legality of how the Defendant was paying him and other employees similarly situated, and whether the Defendant was violating labor laws.

2

8. A short time after Plaintiff and several co-workers had a meeting with legal counsel to discuss their claims and filing a lawsuit, Plaintiff was terminated after twenty-one (21) years of employment with Defendant. The reason for his termination was that he failed to report that another employee left the work place to attend to a personal errand, however, as there is no company policy on an employee's responsibility to make such a report about a co-employee and there is no company policy on an employee leaving the workplace during work hours. The Plaintiff was accused of lying to the client for apparently not disclosing why the other employee left the premises, although the Plaintiff had not idea why the employee left.

9. Although Plaintiff's termination was allegedly for cause, Defendant offered Plaintiff a severance payment on the condition that the Plaintiff execute an agreement with a covenant not to sue the Defendant in the future.

## COUNT ONE

### Wrongful Discharge – Public Policy Violation

10. Plaintiff repeats the allegations of the Statement of Facts as if more fully set forth herein.

11. Defendant terminated the Plaintiff's employment based on the pre-text that he failed to report that another employee left the work place to attend to a personal errand. Upon information and belief, the employee who left the work place to attend to a personal errand was not disciplined and none of the other employees who were present and aware of the employee leaving were disciplined or terminated.

12. The Plaintiff was actually terminated from his employment with the Defendant in retaliation for his actions of gathering his co-workers for the purpose of filing of a lawsuit against the Defendant for its failure to pay for both lunch overtime and the on-call engaged to be

3

waiting hours in violation of the labor laws, Fair Labor Standards Act and public policy. The news of the employee meeting and possible lawsuit got back to corporate and precipitated the firing of the Plaintiff.

13. As a direct and proximate result of the retaliatory and wrongful termination of the Plaintiff from his employment with the Defendant which was against public policy, Plaintiff was caused to suffer monetary damage.

WHEREFORE, Plaintiff demands judgment against the Defendant as follows:

A. Compensatory and consequential damages;

B. Punitive damages;

C. Attorney fees and costs;

D. Interest; and

E. For such other and further relief as the Court deems just and equitable.

## COUNT TWO

### Violation of Conscientious Employee Protection Act

14. Plaintiff repeats the allegations of the Statement of Facts and Count One as if more fully set forth herein.

15. Plaintiff was terminated from his employment by the Defendant in retaliation for his actions of gathering his co-workers for the purpose of filing of a lawsuit against the Defendant for its failure to pay for both lunch overtime and the on-call engaged to be waiting hours in violation of the labor laws, Fair Labor Standards Act and public policy. The news of the employee meeting and possible lawsuit got back to corporate and precipitated the firing of the Plaintiff.

4

16. As a direct and proximate result of the retaliatory termination of the Plaintiff from his employment with the Defendant, the Defendants have violated the Conscientious Employee Protection Act, N.J.S.A. 34:19-1 et seq. and caused the Plaintiff damage.

**WHEREFORE**, Plaintiff demands judgment against the Defendant as follows:

A. Compensatory and consequential damages;

B. Punitive damages;

C. Attorney fees and costs;

D. Interest; and

E. For such other and further relief as the Court deems just and equitable.

### COUNT THREE

### Violation of Federal Law – Unpaid Lunch Break

17. Plaintiff repeats the allegations of the Statement of Facts, Count One and Count Two as if more fully set forth herein.

18. While employed by the Defendant, Plaintiff was required to work nine (9) hours each day, however, he was only paid for eight (8) hours, as the Defendant required the employees to take a one-hour unpaid lunch.

19. The Plaintiff was also required to remain in the immediate area of the airport during the unpaid lunch break to await a call for immediate launch to cover breaking news and to respond to such calls during that break.

20. Restricting the Plaintiff's ability to leave the work place and not relieving the Plaintiff of his duties during the one hour unpaid lunch break is a violation of Federal Law (FLSA).

21. As a direct and proximate result of the Defendant's refusal to pay Plaintiff for his one-hour lunch break resulted in Plaintiff suffering monetary damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendant as follows:

A. Compensatory and consequential damages;

B. Punitive damages;

C. Attorney fees and costs;

D. Interest; and

E. For such other and further relief as the Court deems just and equitable.

### COUNT FOUR

### Violation of N.J.S.A. 12:56-5.6 – Engaged to be Waiting

22. Plaintiff repeats the allegations of the Statement of Facts and Count One through Count Three as if more fully set forth herein.

23. The Plaintiff is required to be on-call every other weekend, for a forty-eight (48) hour period, as well as from 11:00 p.m. to 2:00 a.m. Monday through Friday, and respond to the airport and be airborne within sixty (60) minutes of being called to cover a breaking news story.

24. Plaintiff is only paid for time spent going on calls, and not the full forty-eight (48) hours every other weekend or the extra three (3) hours each weekday that the Plaintiff is required to be on-call.

25. Since the Plaintiff is restricted in using those hours for his own benefit due to the requirements that he be at the airport within 60 minutes of being called, Plaintiff is deemed to be engaged to be waiting.

26. Defendant's decision to only pay the Plaintiff for the time actually spent on assignment when on-call and its failure to compensate for the full amount of on-call hours is a violation of N.J.S.A. 12:56-5.6.

27. As a direct and proximate result of the Defendant's violation of the labor laws, Plaintiff has suffered monetary damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendant as follows:

A. Compensatory and consequential damages;

B. Punitive damages;

C. Attorney fees and costs;

D. Interest; and

E. For such other and further relief as the Court deems just and equitable.

## COUNT FIVE

### Breach of the Implied Covenant of Good Faith and Fair Dealing

28. Plaintiff repeats the allegations of the Statement of Facts and Count One through Count Four as if more fully set forth herein.

29. Defendant's decision to withhold income from the Plaintiff during his term of employment as fully set forth herein, as well as its retaliatory and wrongful termination of the Plaintiff in violation of public policy, the Defendant has acted in bad faith and dealt unfairly with the Plaintiff.

30. Defendant's violation of the implied covenant of good faith and fair dealing in its verbal employment agreement with the Plaintiff has resulted in monetary damage to the Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against the Defendant as follows:

A. Compensatory and consequential damages;

B. Attorney fees and costs;

C. Interest; and

D. For such other and further relief as the Court deems just and equitable.

## CERTIFICATION OF COUNSEL

Pursuant to R. 4:5-1, I hereby certify that the matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding. To the best of my knowledge at the present time, there are no other parties who should be joined in this action.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, notice is hereby given that Harry Jay Levin, Esq. is designated as trial counsel in this matter.

## JURY DEMAND

A trial by jury is requested on all issues so triable.

LEVIN CYPHERS

By: _____
Harry Jay Levin, Esq.

Dated: August 4, 2017

8